**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-177-DLB-CJS**

**CENTENUAL GORDON**                                                 **PLAINTIFF**

v.                  <u>**MEMORANDUM OPINION AND ORDER**</u>

**AMAZON.COM SERVICES LLC**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

This matter is before the Court upon Defendant Amazon.com Services LLC's Motion to Dismiss for failure to state a claim (Doc. # 7). Plaintiff filed his Response (Doc. # 8), in which he moved for Leave to Amend his Complaint (*see id.* at 4), Defendant filed its Reply (Doc. # 9) and this matter is now ripe for review. For the following reasons, Defendant's Motion to Dismiss is **granted** and Plaintiff's request for leave to amend his Complaint is **denied**.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

In the context of a motion to dismiss, the Court must accept as true all of the factual allegations contained in the Complaint. Plaintiff's Complaint includes the following factual allegations:

Plaintiff, Centenual Gordon, is a fifty-year-old African American. (Doc. # 1-2 ¶¶ 13-14). He was hired by Defendant as a Floor Associate and Maintenance Technician II in March 2013. (*Id.* ¶¶ 11-12). Beginning in 2022, Plaintiff's manager, Keith Gunther,

1

who is Caucasian, began treating Plaintiff differently than other employees based on his race. (*Id*. ¶¶ 15-16). As a result, Plaintiff filed a complaint regarding Gunther's discrimination to Defendant's Human Resources department. (*Id*. ¶ 17). Defendant did not conduct any investigation into the complaint in violation of its policies.[1] (*Id*. ¶¶ 21-36).

On October 2, 2023, Plaintiff's employment was terminated on the grounds that he clocked in early. (*Id*. ¶¶ 45-46). Other employees outside of Plaintiff's protected class clocked in at the same time but were not disciplined or terminated like Plaintiff. (*Id*. ¶ 48). In terminating Plaintiff's employment, Defendant skipped progressive disciplinary steps such as verbal and written warnings in violation of its progressive discipline policy. (*Id*. ¶¶ 51-61).

On September 20, 2024, Plaintiff filed the present suit against Defendant in Kenton County Circuit Court, alleging discrimination and retaliation in violation of Ky. Rev. Stat. ("K.R.S") § 344.010 *et seq*. (Doc. # 1-2). Plaintiff alleges Defendant discriminated against him and treated him differently than other similarly situated employees based on his race and age, and took adverse employment action against him by willfully terminating his employment. (*Id*. ¶¶ 74-83 and 53-69). Defendant removed the case to this Court on October 28, 2024, and subsequently filed the present motion to dismiss on November 15, 2024. (Docs. # 1 and 7).

---

[1] Interestingly, the Court notes that in the very next paragraph of the Complaint, Plaintiff directly contradicts himself, stating that "[a]lternatively, pursuant to [Defendant's] policies, the First Protected Complaint should *not* be investigated." (*Id*. ¶ 22) (emphasis added).

III.   ANALYSIS

    A.   **Standard of review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  Under that rule, a court is called to assess whether the plaintiff has "'state[d] a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A complaint does not have to show that liability is probable, but the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 557).  If a reasonable court "can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied."  *Keys v. Humana, Inc*. 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

In adjudicating a motion to dismiss, a court should accept the plaintiff's allegations as true, and then determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  To give rise to such a reasonable inference, the complaint must contain factual allegations that speak to all of a claim's material elements "under some viable legal theory."  *Eidson v. State of Tenn. Dep't. of Children's Serv's.*, 510 F.3d 631, 634 (6th Cir. 2007).  Merely stating the elements of a claim is insufficient; while "legal conclusions can provide the framework of the complaint, they must be supported by factual allegations."  *Ashcroft*, 556 U.S. at 678-79.  These factual

3

allegations, "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). In short, a claim cannot survive a motion to dismiss if the plaintiff has not plead sufficiently plausible facts to support a 'viable legal theory' with respect to all material elements of each claim. *Eidson,* 510 F.3d at 634.

### B. Race and age discrimination claims (Counts I and II)

Defendant argues that Plaintiff's race and age discrimination claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) "because his Complaint is devoid of any factual allegations from which a court could draw the reasonable inference that his employment was terminated on account of his age or race." (Doc. # 7 at 2-3). Plaintiff disagrees, arguing that he "sufficiently pled facts that, if true, supports his claims of race and age termination." (Doc. # 8 at 2).

Section 344 of the Kentucky Civil Rights Act ("KCRA") makes it unlawful for an employer to "fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color . . . [or] age (40) or over." K.R.S. § 344.040(1)(a). Because the KCRA is modeled upon Title VII of the Civil Rights Act of 1964, courts use "federal Title VII standards to evaluate state race discrimination claims brought under Kentucky's Civil Rights Act." *Wilson v. Dana Corp.*, 210 F. Supp. 2d 867, 877 (W.D. Ky. 2002) (citing *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000)).

4

In light of this framework, "because [Plaintiff] does not present direct evidence of discrimination, he must first allege a prima facie case under the framework laid out in *McDonnell Douglas Corp. v. Green* [], by pleading facts supporting the following elements: that '(1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment decision; and (4) he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.'" *Brown v. Accenture Fed. Servs.*, No. 51-24-GFVT, 2016 WL 3298543, at *6 (E.D. Ky. June 13, 2016) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Regarding the first element, there is no dispute that, as a fifty-year-old African American, Plaintiff is a member of a protected class based on both his race and age. As for the second element, Plaintiff's Complaint makes no mention of his qualification for the position he held prior to his termination. But even presuming, for purposes of this analysis, that he was qualified, given that he held his position for over ten (10) years, his claim would nevertheless fail. On the third requirement, Plaintiff clearly "suffered an adverse employment action when his employment was terminated." *Wollor v. Collins Aerospace Headquarters*, No. 3:23-cv-306, 2024 WL 25097, at * 3 (W.D. Ky. Jan. 2, 2024). However, Plaintiff's Complaint is deficient because it fails to properly allege that he was either replaced by a person outside of his protected class or was treated less favorably than any similarly situated, nonprotected employee.

At the pleading stage, Plaintiff "need not present 'detailed factual allegations.'" *Brown*, 2016 WL 3298543, at *9. However, his Complaint must at least allege "sufficient factual content from which a court, informed by its judicial experience and common sense,

5

could draw the reasonable inference" that Defendant discriminated against him "*because of*" his race and age. *Id*. (quoting *Keys*, 684 F.3d at 610) (emphasis in original). Plaintiff's Complaint, however, "is entirely devoid of facts that would allow the Court to draw any inference of [race or age] discrimination . . . ." *Id*. Here, Plaintiff pled he was "treated differently than other similarly-situated employees" based on his race and age. (*Id*. ¶¶ 74 and 82). Moreover, Plaintiff alleged that he was terminated because he "clocked in early" and that "other employees outside of [Plaintiff's] protected classes clocked in at the same time but were not disciplined or terminated." (*Id*. ¶¶ 46 and 48). But outside of these bare and conclusory allegations, Plaintiff "allege[d] no set of facts [] from which a reasonable person could infer how his race or [age] factored into the [Defendant's] decisions regarding his employment or caused him to lose his job[.]" *Sam Han v. University of Dayton*, 541 F. App'x. 622, 627 (6th Cir. 2013).

First, Plaintiff did not allege at all that he was replaced by a person outside his protected class. Second, while he did allege that he was treated differently than other similarly-situated employees, he failed to allege any facts that indicate who his coworkers were, how they were similarly-situated to him, or that they were engaged in similar conduct. *See id.* ("Plaintiff concludes that he was [] treated less-favorably than other similarly-situated female employees but has offered no specifics regarding who those employees were or how they were treated differently."); *Downs v. Bel Brands USA, Inc.*, 613 F. App'x. 515, 519 (6th Cir. 2015) (dismissing an age discrimination complaint because the plaintiff provided no information into other employees age, who replaced them, why they were terminated, or any other basis which established them as comparators.); *Wollor*, 2024 WL 25097, at *5 (dismissing a claim because the plaintiff

6

failed to allege any facts that he and the alleged similarly-situated employee had similar responsibilities, job titles, work records, or experiences.); *Bajestani v. Tennessee Valley Authority*, 61 F.Supp.3d 759, 764 (E.D. Tenn. Nov. 13, 2014) (dismissing an age discrimination claim because the complaint did "not set forth the age of anyone other than himself").

Plaintiff's complaint is so conclusory and threadbare, merely reciting the elements of a discrimination claim, that this Court "cannot draw a reasonable inference that the [D]efendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Therefore, the Court **grants** the Defendant's motion to dismiss as to Count I and II.

### C.     Retaliation claim (Count III)

Defendant additionally alleges that Plaintiff's retaliation claim should be dismissed because he failed to allege facts that would satisfy the causal connection requirement of his retaliation claim.  (Doc. # 7 at 4).  Plaintiff disagrees, stating that he has satisfied the pleading standard and should be permitted to develop his claim through discovery.  (Doc. # 8 at 4).

Section 344 of the KCRA makes it unlawful for an employer to "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, [or] filed a complaint[.]" K.R.S. § 344.280.  In assessing retaliation claims, the Court applies the *McDonnell Douglas* test.  *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009).  This framework first requires that the plaintiff establish a prima facie case of retaliation by showing: "(1) [Plaintiff] engaged in protected activity; (2) [Defendant] knew of the exercise of the protected right; (3) an adverse employment action was subsequently taken against

7

[Plaintiff]; and (4) there was a causal connection between the protected activity and the adverse employment action." *Id*. (quoting *Niswander v. Cincinnati Ins*. Co., 529 F.3d 714, 720 (6th Cir. 2008)).

Defendant does not seem to dispute that the first three elements are met. Rather, Defendant takes issue with the fourth element, arguing that Plaintiff failed to allege "facts plausibly suggesting the existence of a causal connection between his purported protected activity and the adverse employment action." (Doc. # 7 at 4). To establish causation, a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). A plaintiff fails to meet the causation requirement if the complaint "does not allege any facts to support a causal link between her claimed protected activities and her [adverse employment actions]." *Koutsoukos v. Adecco USA, Inc*., No. 16-2610 2017 WL 5514558, at *2 (6th Cir. 2017).

In *Kinney v. McDonough*, the Sixth Circuit held that the plaintiff failed to allege any facts that the filing of her Equal Employment Opportunity complaint was the cause of her ultimate termination. No. 21-1414, 2022 WL 223633, at *7 (6th Cir. 2022). There, the court noted that while the complaint did state that adverse employment actions occurred shortly after she filed her EEO complaint, "proximity alone is not enough." *Id*. The court ultimately held that while a plaintiff need not plead detailed factual allegations, "[t]he complaint's lack of sufficient facts supporting the causation requirement demonstrate[d] that it fail[ed] to meet the standard of stating a plausible claim." *Id*.

Similar to *Kinney*, Plaintiff has failed to plead any facts supporting the causation element of his retaliation claim. The entirety of Plaintiff's retaliation claim asserts that

8

Plaintiff complained to Defendant's human resources department about the race and age discrimination he was experiencing, and that sometime in the year following, Defendant retaliated by terminating Plaintiff's employment. (Doc. # 1-1 ¶¶ 88-91). Plaintiff has alleged no other facts that would allow this Court to conclude that he was terminated for exercising his protected rights. This is especially pertinent, given that Plaintiff was given a reason for his termination, which was that he was clocking in too early. *See Kinney*, 2022 WL 223633, at *7 ("The complaint failed to state facts that would support a conclusion that the adverse employment actions were taken to punish her for exercising protected rights instead of for some other reason, such as job performance or staffing issues."). Rather, it seems that Plaintiff is simply asking this Court to assume that because he engaged in protected activity at some point in 2022, and was subsequently terminated in October of 2023, he has sufficiently pled the causal connection requirement by alleging temporal proximity.

Putting aside the fact that any argument that a time period of a year satisfies a temporal proximity standard is, at best, debatable,[2] the Sixth Circuit has repeatedly held that temporal proximity alone, even one that *is* close in time, is not sufficient to establish causation. *See Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 449 (6th Cir. 2020) ("Temporal proximity alone generally is not sufficient to establish causation' and 'exceptions to this rule are rare, even in instances involving relatively short time periods."); *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 615 (6th Cir. 2019) (recognizing that "temporal proximity [between a Title VII complaint and an adverse employment action] alone can be enough circumstantial evidence of causation if the two are sufficiently

---

[2] *See Crawford v. E. Kentucky Univ.*, No. 5:17-cv-309, 2019 WL 724780, at *10 (E.D. Ky. Feb. 20, 2019) (three-month gap between activity failed to establish "close temporal proximity.")

close in time," but that, "[w]here some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality" (internal quotation marks and citations omitted)).

As such, because Plaintiff has failed to state facts that would support a conclusion that Defendant terminated him for filing his complaint, his retaliation claim must be dismissed.  *See Allen v. Univ. of Louisville Physicians, Inc.*, No. 3:23-cv-397, 2024 WL 629848, at *7 (W.D. Ky. Feb. 14, 2024) (dismissing retaliation claims because the complaint "at most" alleged temporal proximity between the protected activity and adverse employment action, failing the plausibility standard).

### D. Leave to amend complaint

In his Response, Plaintiff requested that this Court grant him leave to amend his Complaint.  (Doc. # 8 at 4).  "The court should freely give leave [to amend the complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, despite the relatively liberal requirements of Rule 15, leave to amend here will be denied.

Plaintiff has not attached a copy of the proposed amended complaint to his request to amend, nor has he supplemented the record with one.  Plaintiff's failure to attach a copy of the proposed amended complaint warrants a denial of his motion.  *Kuyat v. BioMietic Therapeutics Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting *Shillman v. United States*, 221 F.3d 133, 2000 WL 923761, at *6 (6th Cir. 2000) (unpublished table decision)) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."); *see also Myers v. Ashland*, No. 22-34-DLB, 2022 WL 17573141 at *5 (E.D. Ky. Dec. 9, 2022) (citing *Kuyat*, 747 F.3d at 414) ("failure to tender a proposed amended

or supplemental complaint warrants denial of [the plaintiff's] motion[]"). Because Plaintiff has failed to attach a copy of his proposed amended complaint, and has in fact failed to provide the Court with any new facts at all, Plaintiff's Motion for leave to amend is denied.

## IV.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Defendant's Motion to Dismiss for failure to state a claim (Doc. # 7) is **GRANTED**;

(2)   Plaintiff's request for leave to amend his complaint (Doc. # 8) is **DENIED**;

(3)   This matter is **STRICKEN** from the Court's active docket; and

(4)   A **JUDGMENT** in favor of Defendant will be entered contemporaneously herewith.

This 18th day of April, 2025.



Signed By:
*David L. Bunning*   DB
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-177 MOO MTD.docx